NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HECTOR MUNOZ GARCIA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-1271<br><br>Agency No.<br>A200-626-986<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Jose Hector Munoz Garcia, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing an

appeal from an order by an Immigration Judge ("IJ") denying his application for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal under 8 U.S.C. § 1229b(b)(1).

We review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review de novo the BIA's legal determinations. *Id.*; *Suate-Orellana v. Garland*, 101 F.4th 624, 628 (9th Cir. 2024). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Munoz argues that the IJ erred in not granting a continuance to allow him to marry his U.S. citizen girlfriend, thereby establishing an additional potential qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). But in his appeal to the BIA, Munoz did not challenge two grounds on which the IJ denied his application for cancellation of removal: 1) that Munoz had failed to demonstrate that he had not been convicted of a disqualifying offense and 2) that the equities did not warrant a favorable exercise of discretion. Concluding that Munoz therefore had forfeited any arguments about his cancellation application, the BIA did not address the IJ's denial of a continuance.

Before seeking judicial review of a removal order, petitioners must exhaust administrative remedies available as of right, including appeal to the BIA. 8 U.S.C. § 1252(d)(1); *see Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Having failed to administratively appeal the IJ's findings regarding disqualifying crimes and the exercise of discretion, Munoz cannot challenge them now. As a result, a

continuance could not impact the outcome of Munoz's application for cancellation of removal and any error concerning the continuance was harmless. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

2. Munoz argues that the omission of time and place details from the notice to appear deprived the immigration court of jurisdiction over the removal proceedings. In *United States v. Bastide-Hernandez*, however, we held that the pertinent regulations, 8 C.F.R. §§ 1003.14, 1003.15, 1003.18, are not jurisdictional. 39 F.4th 1187 (9th Cir. 2022) (en banc). Rather, they constitute claims-processing rules subject to 8 U.S.C. § 1252(d)(1) exhaustion. *Id.* at 1190, 1193; *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because Munoz did not raise the alleged defects in the notice to appear before the agency, his claims are unexhausted and barred.

3. To the extent that Munoz challenges 8 C.F.R. § 1240.26(i), a regulation concerning grants of voluntary departure, his argument fails because he failed to exhaust this issue before the agency. *See* 8 U.S.C. § 1252(d)(1).

**PETITION DENIED.**