**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER GARIBAY MELENDEZ, | No.   23-1186 |
| Petitioner, | Agency No.  A087-451-018 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024**
Phoenix, California

Before:     TASHIMA, M. SMITH, and BADE, Circuit Judges.

Petitioner Javier Garibay Melendez, a native and citizen of Mexico, petitions

for review of a decision of the Board of Immigration Appeals (BIA).  The BIA

dismissed Petitioner's appeal of a decision of the Immigration Judge (IJ), who

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

denied Petitioner's application for cancellation of removal as a non-permanent resident pursuant to 8 U.S.C. § 1229b. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Petitioner raises two issues in his petition for review, but he did not raise either issue in his appeal to the BIA; therefore, he has failed to exhaust them. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." (citations omitted)). Because Petitioner did not exhaust his claims and because the government raised exhaustion we may not consider his claims. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that exhaustion, if properly raised, is a mandatory claim-processing rule).

Petitioner's claims are, in any event, unmeritorious. Contrary to Petitioner's argument, the IJ considered the relevant evidence and did not misapply the standard for determining hardship. Nor did the IJ violate Petitioner's due process rights. The IJ was the one who raised the possibility of withholding of removal and then gave Petitioner several opportunities to complete the application. Petitioner has failed to "demonstrate that the challenged proceeding 'was so

2

fundamentally unfair that [he was] prevented from reasonably presenting [his] case.'" *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010)).

The petition for review is **DENIED**.