**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAUSTINO MONTOYA-GARCIA, | No. 23-606 |
| Petitioner, | Agency No. A206-457-198 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2024[**]
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,[***] District
Judge.

Faustino Montoya-Garcia ("Montoya-Garcia") petitions for review of the Board

of Immigration Appeals' ("BIA's") order affirming the immigration judge's ("IJ's")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

denial of his motion to terminate his removal proceedings for lack of jurisdiction. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context for our decision.

1. "Because the BIA cited *Matter of Burbano* and also provided its own analysis in this case, we review both the BIA and IJ's decisions." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021) (citation omitted). We review denials of motions to terminate proceedings for abuse of discretion. *See Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020) (citation omitted). We review questions of law *de novo*. *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022) (citation omitted).

2. Neither the BIA nor the IJ abused its or his discretion when rejecting Montoya-Garcia's challenge to the IJ's jurisdiction over his removal proceedings. A defective notice to appear ("NTA") does not affect the immigration court's subject matter jurisdiction. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc) (citation omitted) ("Although the statutory definition of an NTA requires that it contain the date and time of the removal hearing, 8 U.S.C. § 1229(a)(1)(G)(i), this provision chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct those proceedings.").

3. Montoya-Garcia failed to exhaust his claim-processing challenge. *See* 8 U.S.C. § 1252(d)(1). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citation omitted). Montoya-Garcia's BIA brief argued exclusively that the NTA's defects deprived the IJ of jurisdiction over his removal proceedings. "It is therefore clear that [Montoya-Garcia's] NTA argument sounded exclusively in jurisdiction and that the BIA thus had no reason to consider whether the NTA's defects could constitute some other type of violation which might be subject to waiver, such as a claim-processing violation." *Id.* (citation omitted).[1]

**PETITION DENIED**.

---

[1] *Suate-Orellana v. Garland*, 101 F.4th 624 (9th Cir. 2024), does not support remand here. In that case, the petitioner had sufficiently "put the BIA on notice" that she was raising a non-jurisdictional argument, *id.* at 630 n.4, and, indeed, the BIA affirmatively held that there the NTA in that case, considered together with the subsequent notice of hearing, *did* comply with the Immigration and Nationality Act ("INA"), *id.* at 629. After this two-document theory for complying with the INA was expressly rejected in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), we held that Suate-Orellena's sufficiently exhausted argument warranted remand. *Suate-Orellana*, 101 F.4th at 627. These unique circumstances, which distinguished *Suate-Orellana* from *Umana-Escobar*, are not present here, and *Umana-Escobar* is controlling.