**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MORENO BUENO; ANDREA VILLAVISENCIO PACAYA; NICOLAS MORENO VILLAVISENCIO, Petitioners, v. JAMES R. MCHENRY III, Acting Attorney General, Respondent. | No. 23-3317 Agency Nos. A241-735-124 A241-735-125 A241-735-126 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2025**
Pasadena, California

Before:    TASHIMA, RAWLINSON, and M. SMITH, Circuit Judges.

Petitioners Juan Moreno Bueno (Moreno Bueno), his wife Andrea

Villavisencio-Pacaya, and their minor son, natives and citizens of Peru, petition for

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

review of a decision of the Board of Immigration Appeals (BIA or Board). The Board dismissed Petitioners' appeal of a decision of the Immigration Judge (IJ), who denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    We decline to consider Petitioners' challenge to the determination that they are not entitled to asylum or withholding of removal. Petitioners have failed to argue in their brief that the BIA erred in concluding that they waived a challenge to the IJ's dispositive finding that there was no nexus between the alleged persecution and any protected group. Due to this failure, the Petitioners have waived any challenge to the BIA's determination on this point. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015) (stating that the petitioner "abandoned his claims for asylum and CAT protection by not addressing them with any specificity in his briefs"). Even if the nexus issue were properly before us, we would still decline to reach it because, as the government argues, Petitioners have failed to exhaust this issue by failing to raise it before the BIA. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on

2

notice of what was being challenged." (citations omitted)); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that "[t]he exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional 'claim-processing rule,'" and that "'[a] claim-processing rule [is] "mandatory" in the sense that a court must enforce the rule if a party "properly raise[s]" it'" (final three alterations in original) (first quoting *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023); then quoting *Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019))).

2. The Board's denial of CAT relief is supported by substantial evidence. *See Singh v. Garland*, 97 F.4th 597, 602 (9th Cir. 2024) (stating that "[o]ur review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted," factual findings are reviewed for substantial evidence, and questions of law are reviewed de novo (quoting *Soriano-Vino v. Holder*, 653 F.3d 1096, 1099 (9th Cir. 2011))). Although, as the IJ acknowledged, the threats Moreno Bueno received "may have been frightening," they do not rise to the level of past torture. Nor do they show a likelihood of future torture. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th Cir. 2019).

The petition for review is **DENIED**.