NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILBER SALAS
CONTRERAS; ZENAIDA ESTEBAN
BERRIOS; MATIAS ANDRE SALAS
ESTEBAN,

        Petitioners,

  v.

JAMES R. MCHENRY III, Acting Attorney
General,[*]

        Respondent.

No. 23-4468

Agency Nos.
A240-845-393
A240-845-391
A240-845-392

MEMORANDUM[**]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2025[***]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District

---

[*] James R. McHenry III is substituted for his predecessor, Merrick B. Garland, as Acting United States Attorney General pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge.****

Wilber Salas Contreras (Salas Contreras), a native and citizen of Peru, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by an Immigration Judge (IJ) of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation, alteration, and internal quotation marks omitted).  "[Factual] findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. . . ." *Id.* (citation and internal quotation marks omitted).

Salas Contreras has not exhausted his challenge to the IJ's determination that he "failed to demonstrate past persecution."  On appeal to the BIA, Salas Contreras only challenged the IJ's conclusion that there was no nexus between any persecution and a protected ground.  "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative

**** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] Zenaida Esteban Berrios and Matias Andre Salas Esteban are derivative applicants, also natives and citizens of Peru.

proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged. . . ." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended* (citation omitted). Exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it," *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (citation, alteration, and internal quotation marks omitted), and the government has.[2]

Additionally, the BIA determined that Salas Contreras did not "meaningfully dispute" the IJ's determination that he could safely relocate to another part of Peru to avoid future persecution. *See* 8 C.F.R. § 1208.13(b). During his removal proceedings, Salas Contreras testified that he did not experience any harm when he moved to a different area from where the attack occurred. "By failing to show either past personal persecution or that it would be unreasonable to expect him to relocate to avoid future persecution, [Salas Contreras] failed to provide evidence to compel reversal of the BIA's decisions to deny asylum and withholding of removal." *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) (citation omitted).[3]

---

[2] Contrary to Salas Contreras' contentions, the BIA sufficiently explained its rejection of Salas Contreras' asylum and withholding of removal claims.

[3] Although Salas Contreras challenges other aspects of the IJ's denial of asylum and withholding of removal, the BIA stated that its nexus and relocation determinations were dispositive and did not consider Salas Contreras' "remaining appellate arguments." "Our review is limited to the BIA's decision," and we do not address Salas Contreras' additional contentions. *Corpeno-Romero v. Garland*, 120 F.4th 570, 577 (9th Cir. 2024) (citation omitted).

Substantial evidence also supports the BIA's denial of CAT relief.  "As an applicant for CAT relief, [Salas Contreras] must prove that it is more likely than not that he would be tortured if removed to the proposed country and that torture must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. . . ." *Edgar G.C. v. Garland*, 109 F.4th 1230, 1242 (9th Cir. 2024) (citation, alterations, and internal quotation marks omitted).  Salas Contreras' testimony and supporting documentation do not compel a finding that he or his family were subjected to past torture or that "it is more likely than not that he would be tortured . . . with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (citation and alteration omitted).[4]

**PETITION DENIED.**

---

[4] The temporary stay of removal continues until the mandate issues.  The motion for stay of removal is otherwise denied.

23-4468