**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR SAUL TREJO-TORIZ, | No. 24-3409 |
| Petitioner, | Agency No. A207-173-449 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of a Final Order of the
Board of Immigration Appeals

Submitted April 9, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE,*** District Judge.

Hector Saul Trejo-Toriz ("Trejo-Toriz"), a native and citizen of Mexico,

petitions for review of a final order of the Board of Immigration Appeals ("BIA")

dismissing his appeal of the order of the Immigration Judge ("IJ") denying his

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

applications for asylum, withholding of removal, and cancellation of removal, and his request for relief under the Convention Against Torture ("CAT") and for voluntary departure.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation and internal quotation marks omitted). "We review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

1. Trejo-Toriz failed to exhaust his CAT claim because he did not meaningfully challenge the IJ's denial of it before the BIA. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Section 1252(d)(1) is a claim processing rule, which is "mandatory in the sense that a court must properly enforce the rule if a party properly raises it." *See Fort Bend County, Texas v. Davis*, 587 U.S. 541, 549 (2019) (internal quotation marks, citation, and alterations omitted); *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding

---

[1] On appeal, Trejo-Toriz challenges only the agency's denial of his request for CAT protection and application for withholding of removal.

that § 1252(d)(1) is a non-jurisdictional claim-processing rule). The Government properly raised the issue by arguing in its brief that Trejo-Toriz failed to exhaust his CAT claim and family-based particular social group ("PSG") before the BIA, and we therefore address the Government's argument.

"To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have an opportunity to pass on the issue." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (internal quotation marks and citation omitted). A petitioner filing both a notice of appeal and a brief before the BIA will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

In his brief before the BIA, Trejo-Toriz offered no argument challenging the IJ's denial of his CAT protection claim beyond asking the BIA to find him eligible for such relief in the introduction and conclusion of his brief; accordingly, he has failed to exhaust the claim. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 & n.8 (9th Cir. 2019) (petitioner failed to exhaust CAT claim where BIA brief mentioned CAT relief in introduction and conclusion but contained no argument that he was entitled to such relief).

2. Trejo-Toriz has not exhausted his withholding of removal claim based on the PSG that is discussed in his opening brief—"family ties to his father, uncles

and cousins, whom [sic] were harmed by the criminal element of Mexico"—because he did not identify that PSG before the agency. An applicant seeking withholding of removal bears the burden of demonstrating that his "life or freedom would be threatened in [the] country [of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) and (C); *see also id.* § 1229a(c)(4)(A). Trejo-Toriz argues that he "fears future persecution on account of his membership of particular social group of family ties to his father, uncles and cousins, whom [sic] were harmed by the criminal element of Mexico." However, he did not raise this familial-based PSG before the IJ; instead, he identified only the PSG of "Mexican deportees from the United States who will be harmed in Mexico because of intrinsic characteristics that make them easily identifiable and subject to kidnapping, threats of violence and/or murder." Accordingly, Trejo-Toriz has failed to exhaust his withholding of removal claim based on the familial-based PSG raised in his opening brief. *See* 8 U.S.C. § 1252(d)(1).

3. Finally, as to the withholding of removal claim that he raised before the IJ, Trejo-Toriz has forfeited review of the BIA's dispositive determination that "Mexican deportees from the United States who will be harmed in Mexico because of intrinsic characteristics that [make] them easily identifiable and subject to kidnapping, threats of violence and/or murder" does not constitute a cognizable

4

PSG because he did not challenge that determination in his opening brief. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (issue forfeited where petitioner did not "specifically and distinctly" challenge issue in opening brief) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)).

**PETITION DENIED.**[2]

---

[2] The stay of removal remains in place until the mandate issues.