**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ELWIN DAVID OSORIO-SION; YESICA GRISELDA OSORIO-PU; AXEL DAVID OSORIO-OSORIO; JOHAN ADIEL OSORIO-OSORIO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3626 <br><br> Agency Nos. <br> A220-680-555 <br> A220-489-976 <br> A220-489-977 <br> A220-489-978 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Lead Petitioner Elwin David Osorio Sion ("Mr. Osorio Sion") and his wife

Yesica Griselda Osorio Pu ("Ms. Osorio Pu") and their two children, natives and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order affirming the immigration judge's ("IJ") order denying their

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). The BIA rejected Petitioners' claims that

the IJ violated their right to counsel and deprived them of due process for not

providing them with a K'iche interpreter at their hearings.

We review claims of due process violations *de novo*, including alleged

deprivations of the right to counsel and hearing interpretation errors. *Perez-Lastor*

*v. INS*, 208 F.3d 773, 777 (9th Cir. 2000); *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th

Cir. 2019). We also assess *de novo* whether a petitioner has exhausted their

arguments before the BIA. *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227,

1232 (9th Cir. 2007). We review an IJ's decision not to continue a hearing for

abuse of discretion. *Arrey*, 916 F.3d at 1158. We have jurisdiction under 8 U.S.C.

§ 1252. We deny the petition.

The IJ did not violate Petitioners' right to counsel. Noncitizens in

immigration proceedings "shall have the privilege of being represented, at no

expense to the Government." 8 U.S.C. §§ 1229a(b)(4)(A), 1362; *see also Biwot v.*

*Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005). The IJ told Petitioner that he had a

right to counsel and gave him a list of free legal services at his first hearing on

November 9, 2021. The IJ granted Petitioners two continuances, and Petitioners

2

had more than nine months to find counsel before their merits hearing on August 18, 2022. In addition to giving Petitioners reasonable time to find counsel, the IJ also properly found that Petitioners waived their right to counsel at both the July 12, 2022 and August 18, 2022 hearings. *See Vides-Vides v. INS*, 783 F.2d 1463, 1469–70 (9th Cir. 1986) (holding that there was no due process violation where a noncitizen was given four months and two continuances to obtain counsel); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004).

The IJ did not violate Petitioners' due process rights by providing a Spanish interpreter and not a K'iche interpreter at the hearings. A noncitizen who faces removal is entitled to a full and fair removal hearing and has the right to participate meaningfully in the removal proceedings by having them competently translated into a language they can understand. *Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir. 1994). To demonstrate a denial of due process, a noncitizen must demonstrate that the interpreter did not perform competently and that they were prejudiced by that failure. *Perez-Lastor*, 208 F.3d at 778, 780.

Mr. Osorio Sion's asylum application states that his native language is "Spanish/K'iche" and separately listed K'iche as "other languages." Ms. Osorio Pu's application lists her native language as Spanish and only lists K'iche under "other languages." Petitioners never requested a K'iche translator, and when the IJ asked Lead Petitioner on two separate occasions whether Spanish was his best

3

language, Mr. Osorio Sion responded "[y]es." Petitioners also never sought clarification or objected to the translation during the hearings. Petitioners did not present any evidence showing that the hearings were not competently translated into a language they could understand or that they were prejudiced. *See Perez-Lastor*, 208 F.3d at 778, 780.

Petitioners failed to exhaust their claims that the IJ erred in denying their applications for asylum, withholding of removal, and protection under the CAT before the BIA. Petitioners only satisfy exhaustion requirements for issues "raised and argued in [their] brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). Petitioners did not raise any substantive arguments related to the IJ's denial of asylum, withholding of removal, and CAT protection in their brief before the BIA, and we therefore do not consider them on appeal. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**PETITION DENIED.**