NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR RODRIGUEZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>PAMELA BONDI, Attorney General,<br><br>　　　　　　Respondent. | No.　21-70334<br><br>Agency No. A096-571-836<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025[**]
Las Vegas, Nevada

Before:　BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Cesar Rodriguez Caro ("Rodriguez"), a native and citizen of Mexico, petitions

for review of the Board of Immigrations Appeals ("BIA") decision dismissing his

appeal from the Immigration Judge's ("IJ") denial of his application for cancellation

of removal.　We have jurisdiction under 8 U.S.C. § 1252.　We deny the petition.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

1. Rodriguez challenges the IJ's jurisdiction because he received a defective notice to appear (NTA) that did not contain time and date information for his initial hearing. But we have rejected this argument:

> Although the statutory definition of an NTA requires that it contain the date and time of the removal hearing, this provision chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct those proceedings. Nowhere does the statute imply, much less "clearly state," that its requirements are jurisdictional.

*United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc) (citations omitted). "[T]he filing of an undated NTA that is subsequently supplemented with a notice of hearing fully complies with the requirements" for jurisdiction. *Id.* at 1193. In March 2011, before his removal hearing in November 2011, the Immigration Court sent Rodriguez's counsel a corrected notice of hearing with the date and time of his November hearing.

2. Rodriguez argues that because he received a defective NTA, the "evidentiary record" in support of his claim of exceptional and extremely unusual hardship to a qualifying relative "is not closed." Rodriguez did not make this argument before the IJ or the BIA. On appeal, Rodriguez provides no new facts that would be included in any updated record. Because Rodriguez failed to administratively exhaust this claim, it is unreviewable. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

2

3. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.