**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS LOPEZ VELAZQUEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 19-70626<br><br>Agency No. A077-147-541<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2025**
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF,*** District Judge.

Petitioner Juan Carlos Lopez Velazquez, a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' ("BIA") decision dismissing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

his appeal of an Immigration Judge's ("IJ") order denying his motion for reconsideration and reopening. We "review denials of motions to reconsider or reopen for abuse of discretion" while we review questions of law de novo. *Suate-Orellana v. Garland*, 101 F.4th 624, 628 (9th Cir. 2024). We review due process claims de novo. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Petitioner argues that the BIA erred as a matter of law and violated his right to due process by failing to consider his motion for reconsideration and to reopen proceedings to allow him to pursue cancellation of removal. But Petitioner's claim below was that the IJ did not have jurisdiction to preside over his case, not that he was eligible for cancellation of removal. The record reflects that the BIA recognized Petitioner's claim, analyzed his position, and dismissed his appeal after outlining its reasoning. The fact that the BIA did not address a claim that Petitioner presents for the first time before us does not suffice to show that "the proceeding [below] was so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) (internal quotation marks omitted). And because Petitioner failed to exhaust his cancellation of removal claim before the agency, we cannot review the merits of this claim. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**