NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EULALIA RAFAEL-DIEGO; ALEXANDER GREGORIO-RAFAEL; ZAYRA GREGORIO-RAFAEL, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-3722 Agency Nos. A209-136-779 A209-136-780 A209-136-781 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025**
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Eulalia Rafael-Diego and her minor children, natives and citizens of

Guatemala, petition for review of a decision by the Board of Immigration Appeals

("BIA") dismissing their appeal from an Immigration Judge's ("IJ") denial of their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). We deny the petition.

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal because Petitioners did not suffer past persecution or have a well-founded fear of future persecution. While Maria—the ex-girlfriend of Rafael-Diego's then-partner, Francisco—threatened to kill Rafael-Diego and her children on one occasion in 2016, Maria did not physically harm her and did not brandish a weapon. The record therefore does not compel the conclusion that Petitioners suffered past persecution. *See Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution . . . ."); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (holding that threats by phone and in person, without accompanying acts of violence, did not compel finding past persecution). Nor does the record compel the conclusion that Petitioners

have a well-founded fear of future persecution on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) ("A personal dispute is not, standing alone, tantamount to persecution based on [a protected ground]."). Maria has not contacted Rafael-Diego since 2016. Rafael-Diego's assumptions that Maria still lives in Chelam and is still angry with her are speculative. While Rafael-Diego had "heard that [Maria] had caused some violence," it is also speculative that Maria would use violence against her.

2. Substantial evidence supports the BIA's denial of CAT protection because Petitioners "ha[ve] not demonstrated that it is more likely than not that [they] will be tortured by or at the instigation of or with the consent or acquiescence (including 'willful blindness') of a public official." Rafael-Diego never reported Maria's threats to the police, and substantial evidence in the record contradicts her belief that the police do not help the poor. Even assuming that Maria would "torture" Petitioners, they thus failed to present any evidence that the Guatemalan police or government would acquiesce to any torture. Nor does their evidence that policing in Guatemala may be generally ineffective compel the conclusion that Guatemalan officials would acquiesce to their torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

3. Before the IJ, Petitioners, represented by counsel, admitted that the minor children's applications were "just derivative" and "pretty much the same" as Rafael-

Diego's application. On appeal to the BIA, Petitioners presented no argument that the children's applications presented independent grounds for relief that had to be separately reviewed by the IJ. They therefore failed to exhaust that argument, and we cannot review it. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).[1]

**PETITION DENIED**.

---

[1] The temporary stay of removal remains in place until the mandate issues.

24-3722