NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN FULGENCIO MATA-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4224<br><br>Agency No.<br>A209-138-961<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025[**]
Phoenix, Arizona

Before: GRABER, BADE, and LEE, Circuit Judges.

Petitioner Esteban Fulgencio Mata-Martinez, a native and citizen of Mexico,

timely seeks review of the Board of Immigration Appeals' ("BIA") decision

dismissing the appeal of an immigration judge's denial of cancellation of removal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Although Petitioner exhausted his claim based on exceptional hardship to his children before the agency, Petitioner's claim fails on the merits. We cannot reach the merits of Petitioner's claim that his removal would cause "exceptional and extremely unusual hardship" to his lawful permanent resident parents, see 8 U.S.C. § 1229b(b)(1)(D), because Petitioner failed to exhaust that claim before the agency, see Suate-Orellana v. Garland, 101 F.4th 624, 629 (9th Cir. 2024) (holding that, after the Supreme Court's decision in Santos-Zacaria v. Garland, 598 U.S. 411 (2023), even though failure to exhaust a claim is not jurisdictional, the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is a mandatory claim-processing rule that we enforce when the government raises the issue).

2. Substantial evidence supports the agency's determination that Petitioner failed to show the requisite hardship to his three United States citizen children. 8 U.S.C. § 1229b(b)(1)(D); see Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (holding that we review for substantial evidence the question whether the BIA erred in applying the exceptional and extremely unusual hardship standard to established facts). Petitioner is a supportive father who has had a positive influence on his children, and they are healthy, perform well academically, and express love and appreciation for Petitioner. His removal would undoubtedly cause them to suffer emotional and financial hardship. But the record does not

compel the conclusion, <u>Umana-Escobar v. Garland</u>, 69 F.4th 544, 550 (9th Cir. 2023), that such hardship would be "'substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family member,'" <u>Wilkinson v. Garland</u>, 601 U.S. 209, 222 (2024) (alteration adopted) (quoting <u>Matter of Monreal-Aguinaga</u>, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)).

3. Contrary to Petitioner's argument, the agency considered all relevant factors in the aggregate when determining that Petitioner failed to establish that his removal would result in exceptional and extremely unusual hardship to his qualifying relatives. The IJ stated expressly that "the court [took] a cumulative approach and considered all the factors in the case[,] including the ages, the health, and circumstances of all qualifying relatives."

**Petition DENIED.** [1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal and the supplemental motion for a stay of removal, Dkt. Nos. 3 and 13, are otherwise denied.