NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL QUINTEROS, AKA Miguel Quintero, AKA Miguel A. Quintero, | No.    18-73514 |
| Petitioner, | Agency No. A205-719-012 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026**
Pasadena, California

Before: WARDLAW, M. SMITH, and BADE, Circuit Judges.

Miguel Angel Quinteros, a native and citizen of El Salvador, seeks review of

a decision of the Board of Immigration Appeals (BIA) affirming an Immigration

Judge's (IJ) denial of his application for withholding of removal and relief under

the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We deny the petition.

Where, as here, "the BIA expressed agreement with the reasoning of the IJ, this court reviews both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). The court reviews the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Under the substantial evidence standard, we will reverse the agency "only on a finding that the evidence not only supports a contrary conclusion, but compels it." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016)).

1. The agency properly denied Quinteros withholding of removal based on his membership in the proposed particular social group of "men age 25 to 30 returning from the United States who had been targeted for forced recruitment by gangs." Substantial evidence supports the agency's finding that Quinteros did not present sufficient evidence that Salvadoran society perceives this group as socially distinct. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) (explaining that one of the "requirements for a cognizable group" is "social distinction").

The agency also properly denied Quinteros withholding of removal based on his membership in "family Quinteros." Substantial evidence supports the agency's

2

determination that the threats and subsequent murder of Quinteros' father by his neighbor, several decades ago, do not establish that Quinteros suffered past persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010) (While "harm to a petitioner's close family members or associates may be relevant to assessing whether the petitioner suffered past persecution, we have not found that harm to others may substitute for harm to an applicant."). Substantial evidence also supports the agency's finding that Quinteros failed to show his fear of future persecution on this basis was objectively reasonable because he did not establish that it would not be reasonable for him to relocate in El Salvador. *See* 8 C.F.R. § 1208.16(b)(2).

2. Quinteros' CAT claim fails because the record does not compel the conclusion that it is "more likely than not" that he would be tortured if removed to El Salvador by or with the acquiescence of the Salvadoran government. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.17).

3. Quinteros also contends that (1) under *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019), he is entitled to a de novo hearing on his cancellation of removal application; and (2) his membership in a certified class action permits him to file an asylum application. We cannot consider these arguments. As Respondent argues, Quinteros did not raise these issues before the BIA and thus failed to exhaust administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v.*

3

*Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that although the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim-processing rule that a court must enforce if a party raises the issue).

**PETITION DENIED**.