**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDALIO CASTRO-APARICIO, | No. 24-7760 |
| Petitioner, | Agency No. A079-769-864 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 26, 2026[**]
Spokane, Washington

Before: SUNG, H.A. THOMAS, and MENDOZA, Circuit Judges.

Sandalio Castro-Aparicio is a native and citizen of Mexico. He petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion and reverse

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

only when the BIA's denial is "arbitrary, irrational or contrary to law." *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021). We deny the petition.

The BIA did not abuse its discretion in denying Castro-Aparicio's motion to reopen as untimely. A motion to reopen must be filed within 90 days of the agency's final order of removal unless it falls within a statutory exception. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Castro-Aparicio's motion to reopen, filed over seven years after the agency's final order of removal, did not identify an applicable statutory exception. Nor did he argue that the BIA should treat his appeal as timely filed. While equitable tolling may apply "where the petitioner seeks excusal from untimeliness based on a change in the law that invalidates the original basis for removal," *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020), as the government argues, Castro-Aparicio failed to exhaust his equitable tolling argument before the BIA. *See* 8 U.S.C. § 1252(d)(1) (requiring administrative exhaustion of remedies); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (observing that the exhaustion requirement of 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule that is mandatorily enforced if a party properly raises it, and a noncitizen must put the BIA on notice of the challenge to exhaust a claim). We therefore may not consider it.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.