NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRILL ALEXANDROVICH ROMANOV, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 17-71340 Agency No. A206-531-404 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026
Submission Vacated February 6, 2026
Resubmitted March 26, 2026**
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Kirill Alexandrovich Romanov, a native of Poland and citizen of

Russia, seeks review of a Board of Immigration Appeals (BIA) decision dismissing

Petitioner's appeal of the immigration judge's (IJ) order denying his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Where the BIA conducts *de novo* review and issues its own decision, rather than adopting the IJ's decision as its own, we review the BIA's decision. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). To the extent the BIA adopts the IJ's decision as its own, we review both the decisions of the BIA and the IJ. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n.3 (9th Cir. 2004). With respect to an agency's persecution determination, we "review the entirety of the agency's conclusions—both the underlying factual findings and the application of the [Immigration and Nationality Act] to those findings—for substantial evidence." *Urias-Orellana v. Bondi*, No. 24-777, slip op. at 7 (U.S. Mar. 4, 2026).

To be eligible for asylum, Petitioner must prove that "(1) [his] treatment rises to the level of persecution or that [he] has a well-founded fear of future persecution; (2) the persecution was or would be on account of one or more protected grounds; and (3) the persecution was or would be committed by the government, or by forces that the government was unable or unwilling to control." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021).

Substantial evidence supports the BIA's finding that the beating Petitioner's brother experienced and threats third parties received, which were intended for Petitioner, do not rise to the level of past persecution. *See Gu v. Gonzales*, 454

2

F.3d 1014, 1022 (9th Cir. 2006). The agency also observed that when Petitioner returned to Russia between September 2013 and December 2013, he was not harmed or personally threatened. Because Petitioner failed to establish past persecution, the BIA properly determined that Petitioner was not entitled to a presumption of a well-founded fear of future persecution. *See* C.F.R. § 208.13(b)(1); *Vallecillo-Castillo v. INS*, 121 F.3d 1237, 1240 (9th Cir. 1996).

In analyzing whether Petitioner separately established a well-founded fear of future persecution, the BIA affirmed the IJ's determination that Petitioner could relocate within Russia. *See* 8 U.S.C. § 1208.13(b)(2)(ii). Petitioner did not address the agency's relocation decision either before the BIA or on appeal to this court. Petitioner therefore forfeited any challenge to the agency's relocation determination in two ways: (1) by failing to raise the issue on appeal to this court, *see Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008), and (2) by failing to administratively exhaust the issue. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).[1]

---

[1] Petitioner argues that the BIA abused its discretion by affirming the IJ's determination that Petitioner did not belong to a particular social group. Contrary to Petitioner's argument, the BIA did not reach the question of whether any persecution was or would be on account of a protected ground, and we decline to address the issue in the first instance. *See Sec. & Exchange Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

3

**PETITION DENIED.**[2]

---

[2]    Petitioner's motions to stay removal (Dkt. Nos. 1, 6) are **DENIED** effective upon the issuance of the mandate from this court.