NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO CASTILLO-ORTIZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-4889 <br><br> Agency No. <br> A206-266-136 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Francisco Castillo-Ortiz petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his

request for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Where, as here,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"the BIA affirm[s] the IJ and cite[s] *Matter of Burbano*," this court "review[s] both the IJ's and BIA's decisions[.]" *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of cancellation of removal. As relevant here, an applicant for cancellation of removal must establish "that removal would result in exceptional and extremely unusual hardship to the alien's . . . child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1). "The 'exceptional and extremely unusual hardship' standard is a very demanding one." *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010).

Whether Castillo-Ortiz's children stay in the United States or follow him to Mexico, the record supports that they will have family to assist them. For instance, the children have grandparents in Mexico and aunts and uncles in the United States. And nothing in the record supports Castillo-Ortiz's suggestion that his son's asthma and daughter's anxiety would be untreated in Mexico. Like any removal case, hardship is certainly present here. But Castillo-Ortiz has the burden to establish that his children face uniquely extreme hardship if he is removed. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) ("[T]he hardship must be out of the ordinary and exceedingly uncommon. It must deviate, in the extreme, from the norm."). The circumstances of this case do not compel the conclusion that Castillo-Ortiz has met Section 1229b(b)(1)'s "very demanding" hardship standard for

cancellation of removal. *Garcia*, 621 F.3d at 913. Accordingly, we deny the petition on this issue.

2. The BIA did not abuse its discretion in denying Castillo-Ortiz's motion to accept a late-filed brief. "[I]f a brief has been filed out of time, the BIA *may* consider it in its discretion, but it also *may not* consider it in its discretion." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). The BIA refused to accept a brief filed 46 days after the deadline. Castillo-Ortiz's counsel told the BIA that the brief was late because she missed the emailed briefing schedule while she was "in the midst of preparing for a pre scheduled trip." It is not arbitrary or irrational for the BIA to hold attorneys to the filing deadlines it sets, even when attorneys miss an email. *See id.* at 1012 ("The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." (simplified)). So we deny the petition on this issue.

3. Castillo-Ortiz failed to exhaust his challenge to the IJ's denial of his motion to suppress. "To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have an opportunity to pass on the issue." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (simplified). Where, as here, the petitioner does not file a brief before the BIA, "the notice of appeal serves in lieu of a brief," and the petitioner "exhaust[s] all issues raised" in the notice of appeal. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).

Castillo-Ortiz's notice of appeal only challenges the IJ's denial of "reli[e]f

3

from removal"—in other words, the denial of cancellation of removal.  His notice of appeal does not challenge his removability or the IJ's separate decision to deny his motion to suppress.  Castillo-Ortiz's notice of appeal failed to "put the BIA on notice of the challenge" to the IJ's decision to deny the motion and deprived the BIA of "an opportunity to pass on the issue." *Suate-Orellana*, 101 F.4th at 629.  We thus deny the petition on this issue.

**PETITION DENIED.**[1]

---

[1] The Motion to Stay Removal (Dkt. 4) is denied as moot.