NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENG CHEN,<br><br>    Petitioner,<br><br> v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>    Respondent. | No. 23-931<br><br>Agency No.<br>A070-669-277<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026[**]
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Feng Chen petitions for review of a decision by the Board of Immigration

Appeals ("BIA") dismissing his appeal from a decision by an immigration judge

("IJ") denying his application for a waiver of inadmissibility under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1182(h).  We have jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), including "mixed question[s] of law and fact," *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024).  We review purely legal questions de novo and mixed questions for substantial evidence.  *See Ruiz v. Bondi*, 163 F.4th 586, 592, 599 (9th Cir. 2025).  We deny the petition.

1.  To the extent Chen challenges the IJ's factual determinations or "the agency's discretionary weighing of the equities," we lack jurisdiction to review them.  *Safaryan v. Barr*, 975 F.3d 976, 989 (9th Cir. 2020); *see Patel v. Garland*, 596 U.S. 328, 347 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . the . . . provisions enumerated in § 1252(a)(2)(B)(i).").

2.  To the extent Chen claims that he did not receive "a full and fair hearing" because of his interpreter's alleged "translation error," this claim is unexhausted.  *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) ("To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on the issue.'" (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam))).  Because the government objects to Chen's failure to exhaust the claim, we cannot review it.  *See id.*; *see also* 8 U.S.C. § 1252(d)(1).

3. The IJ did not violate Chen's right to a full and fair hearing by denying him "a chance to explain and rebut" certain statements he made in his testimony. Although Chen's counsel expressed her intent to conduct a "redirect" examination of Chen at the March 2018 hearing, counsel ultimately chose not to do so. At the hearing, the IJ asked Chen's counsel, "where do we go from here," and Chen's counsel decided to examine the "[n]ext witness," Chen's wife, rather than elicit further testimony from Chen. "Petitioners are generally bound by the conduct of their attorneys . . . absent egregious circumstances." *Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986).

4. Chen also fails to show substantial prejudice from the IJ's failure to rule on his request for a family hardship waiver under 8 U.S.C. § 1182(h)(1)(B). In Mendez-Moralez, the BIA set forth several relevant factors that should be considered when determining whether a family hardship waiver "is warranted in the exercise of discretion." 21 I. & N. Dec. 296, 301 (B.I.A. 1996). Here, the IJ considered these discretionary factors and found that they weighed against granting a rehabilitation waiver under 8 U.S.C. § 1182(h)(1)(A). The IJ also told Chen's counsel, "I don't think your chances are real high for" a family hardship waiver. The BIA, reviewing the issue de novo based on the facts found by the IJ, *see* 8 C.F.R. § 1003.1(d)(3)(i)–(ii), stated that it "would deny" the family hardship waiver "on the same discretionary grounds" that weighed against the rehabilitation

3                                                    23-931

waiver.  Therefore, Chen has not shown that the IJ's failure to rule on his request may have affected the outcome of his case.  *See Grigoryan*, 959 F.3d at 1240.

**PETITION DENIED.**