NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALFREDO SILVA-PALOMARES; BEATRIZ PALOMARES-GAONA; BENJAMIN SILVA PARDO; GUILLERMO SILVA PARDO; ANGELITA PARDO SILVA; ANTONIA SILVA PARDO, | No. 16-72588 |
| | Agency Nos. A206-373-927 |
| | A206-373-929 |
| | A206-373-926 |
| Petitioners, | A206-373-928 |
| | A206-373-931 |
| | A206-373-933 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BLUMENFELD,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stanley Blumenfeld, Jr., United States District Judge for the Central District of California, sitting by designation.

Alfredo Silva-Palomares, his mother, his wife, and three of his children, all natives and citizens of Mexico, petition for review of a decision of the Board of Immigration Appeals dismissing their appeal from an immigration judge's order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the factual findings underlying the agency's decision for substantial evidence. *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025). Under that standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. The immigration court had jurisdiction over Silva-Palomares's removal proceedings. In his Rule 28(j) letter filed on November 12, 2018, Silva-Palomares asserts that the immigration court lacked jurisdiction because of defects in the initial notice to appear. Our precedent forecloses that argument. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–93 (9th Cir. 2022) (en banc).

2. Substantial evidence supports the denial of asylum and withholding of removal. Silva-Palomares testified that he fears retribution because he refused to comply with gang members' demands that he and his family help guard barricades in their town. He asserts a fear of future persecution based on his family's

membership in a proposed social group of Mexican citizens who refuse gang directives and on an imputed political opinion opposing gang authority.

Even assuming Silva-Palomares's proposed social group is cognizable, however, the record does not compel the conclusion that Silva-Palomares faces an objectively reasonable risk of future persecution on account of group membership or an imputed political opinion. *See Lapadat v. Bondi*, 145 F.4th 942, 951 (9th Cir. 2025). Silva-Palomares testified that the men who threatened him and his family have since been arrested and "taken away," and nothing in the record suggests that any gang member has "a continuing interest" in the petitioners if they return. *Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021). To the extent that Silva-Palomares and his family fear returning to Mexico because of widespread gang violence or potential extortion, such fears reflect a "desire to be free from . . . theft or random [gang] violence" and therefore cannot support an asylum or withholding claim. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1196 (9th Cir. 2021) (random gang violence "does not constitute persecution on account of a protected ground"); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021) (rejecting criminal extortion as a basis for asylum when "evidence proves that criminals in Mexico will target anyone they believe can pay").

Moreover, Silva-Palomares has not shown that he and his family would be unable to relocate safely within Mexico upon return. *See Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (asylum and withholding of removal are unavailable if a petitioner could avoid persecution by relocating internally). His siblings remain in his hometown without harm, and his children live safely elsewhere in Mexico. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir. 1996) (evidence that "similarly situated members of petitioner's family continued to reside without incident" in their native country strongly supports BIA's denial of asylum).

3. Silva-Palomares did not exhaust his CAT claim before the agency. A petitioner seeking review of a final order of removal must "exhaust[] all administrative remedies available to [him] as of right," 8 U.S.C. § 1252(d)(1), and we must enforce this mandatory claim-processing rule if asked to do so. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024). The government argues, correctly, that Silva-Palomares did not raise his CAT claim before the Board. Silva-Palomares therefore did not exhaust the claim, and we cannot consider it.

The motion for a stay of removal (Dkt. No. 1) is denied.

**PETITION DENIED.**