NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MECEDES GABRIELA RODAS-FLORES; et al.,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-7131<br><br>Agency Nos.<br>A208-987-613<br>A208-987-612<br>A208-987-611<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026[**]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Mercedes Gabriela Rodas-Flores, and her children, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, and Rodas-Flores' applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to show they were persecuted on account of a protected ground. *See Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1052 (9th Cir. 2001) ("[p]urely personal retribution" is not persecution "on account of" a protected ground (citation and internal quotation marks omitted)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because petitioners failed to show any nexus to a protected ground, petitioners also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). We reject as unsupported by the record petitioners' contention that the IJ applied incorrect legal standards in analyzing nexus.

Substantial evidence also supports the agency's conclusion that petitioners failed to show a reasonable possibility of future persecution. *See Nagoulko v. INS*,

333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution was "too speculative"). Because Rodas-Flores failed to show eligibility for asylum, she failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, petitioners' asylum claims and Rodas-Flores' withholding of removal claim fail.

The BIA did not err in concluding that Rodas-Flores waived review of the IJ's denial of CAT protection. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). Rodas-Flores' contentions as to the merits of her CAT claim are not properly before the court because she did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised by a party).

The motion to stay removal is denied as moot.

**PETITION FOR REVIEW DENIED.**

25-7131