**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN MORALES-OCAMPO; GUADALUPE HERNANDEZ-FLORES; B.M.H.; M.M.H., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-3081 <br><br> Agency Nos. <br> A246-596-714 <br> A246-596-715 <br> A246-596-716 <br> A246-596-717 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Esteban Morales-Ocampo, Guadalupe Hernandez-Flores, and their two

children B.M.H. and M.M.H. are natives and citizens of Mexico. They petition for

review of a decision of the Board of Immigration Appeals ("BIA") affirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020)); *accord* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the BIA's conclusion that Morales-Ocampo failed to demonstrate past persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). The determination is fact-specific, and "[t]he key question is whether, looking at the cumulative effect of all the incidents that a Petitioner has suffered, the treatment he received rises to the level of persecution."

*Id.* at 1061 (alteration in original) (quoting *Gormley v. Ashcroft*, 364 F.3d 1172, 1176–77 (9th Cir. 2004)). Morales-Ocampo and his family suffered no physical harm from the gang members in Cuauchichinola. Further, there were no direct threats to him or his family. While gang members left threats to the townspeople on canvases, these community-wide threats were not "specific threats combined with confrontation." *Sharma*, 9 F.4th at 1063. The same is true for the instances of gang members surveilling Morales-Ocampo at his home and farm.

2. Morales-Ocampo did not address before the BIA and has therefore failed to exhaust any challenge to the IJ's determination that he had failed to demonstrate a well-founded fear of future persecution because he could reasonably and safely relocate within Mexico. The government has properly raised this failure to exhaust in its brief on appeal, and we therefore do not consider the issue. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

3. Substantial evidence supports the BIA's conclusion that Morales-Ocampo did not demonstrate that he "more likely than not" would be a victim of torture or that Mexican officials would participate in or consent to his torture if he returned to Mexico. Morales-Ocampo offered no evidence that he or his family had experienced past torture. And his argument about a lackluster police response to cartel violence, even if true, is insufficient to show that the police "would acquiesce in [his] torture." *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

24-3081

**PETITION DENIED.**