NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA ABIGAIL PARADA-DE
MARTINEZ; KATHERINE ABIGAIL
MARTINEZ-PARADA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.     17-72828

Agency Nos.    A206-776-604
A206-776-605

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026**
San Francisco, California

Before:  GOULD and MILLER, Circuit Judges, and BLUMENFELD,*** District
Judge.

Petitioners Patricia Abigail Parada-de Martinez and her daughter Katherine

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

***     The Honorable Stanley Blumenfeld, Jr., United States District Judge
for the Central District of California, sitting by designation.

Abigail Martinez-Parada petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing their appeal of a decision from an Immigration Judge ("IJ") that denied Petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017).

1. Substantial evidence supports the BIA's determination that the harm Petitioners suffered and feared was not connected to a protected ground. Parada-de Martinez credibly testified that gang members extorted and made threats against her and her daughter, and that they feared what the gang members would do if their demands were refused. But Parada-de Martinez did not show that any past or future harm to her or her daughter was or would be on account of her membership in the particular social group of "Salvadoran woman raising a daughter without male support in El Salvador." Indeed, Parada-de Martinez testified that most adolescents in El Salvador "run the risk of being harassed or persecuted by the gangs" and agreed that the children of her two brothers were likely to be pressured by gangs, despite the fact that they lived with their fathers. Thus, the evidence does not compel the conclusion that the lack of support from Parada-de Martinez's daughter's father was a reason for the threats against her and her daughter. As a result, Petitioners' asylum

2

and withholding of removal claims fail. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (both asylum and withholding claims fail when alleged protected ground was not "a reason" for any past persecution).

2. To the extent that Petitioners now contend that CAT relief should have been granted, that argument was not exhausted before the BIA and we may not consider it. 8 U.S.C. § 1252(d)(1); *see Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**PETITION DENIED.**