**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FEB 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLGA PEREZ-SONTAY; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-3303 <br><br> Agency Nos. <br> A209-143-142 <br> A209-143-143 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2026**

Before:      CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Olga Perez-Sontay and her son, natives and citizens of Guatemala, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying their applications for

asylum and Perez-Sontay's applications for withholding of removal and protection

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

The BIA did not err in its conclusion that petitioners waived any challenge to the IJ's dispositive determination that they did not establish the Guatemalan government is unable or unwilling to protect them from their persecutors. *See Alanniz v. Barr*, 924 8 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). Petitioners' contentions in the opening brief that the Guatemalan government is unable or unwilling to protect them are not properly before the court because petitioners did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (exhaustion is not jurisdictional but mandatory when raised by the government). Thus, petitioners' asylum claims and Perez-Sontay's withholding of removal claim fail.

We do not address petitioners' remaining contentions as to the merits of their asylum and withholding of removal claims because the BIA did not deny relief on other grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks

omitted)).

Substantial evidence supports the agency's denial of CAT protection because Perez-Sontay failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**