NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTOFER SUYON DE LA CRUZ; A.Z.S.H.; J.J.S.H.; ISABEL LISBETH RUEDA ROSAS; K.E.S.R., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-967 <br><br> Agency Nos. <br> A246-428-396 <br> A246-428-397 <br> A246-428-398 <br> A246-428-399 <br> A246-428-400 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026**
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and LEFKOW,
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Cristofer Suyon De La Cruz, his wife Isabel Lisbeth Rueda Rosas, and their minor children A.Z.S.H., J.J.S.H., and K.E.S.R. are natives and citizens of Peru. They petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of De La Cruz's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We deny the petition.

1. The BIA did not err in affirming the IJ's denial of De La Cruz's asylum and withholding of removal claims. The BIA discerned no clear error in the IJ's factual findings and agreed with the IJ's determination that, on the record

---

[1] De La Cruz is the lead Petitioner. Rueda Rosas and their minor children are derivative beneficiaries of De La Cruz's asylum claim. They did not file separate applications for, and are thus ineligible for, withholding of removal or CAT protection. *See Oscar v. Bondi*, 135 F.4th 777, 779 n.1 (9th Cir. 2025) (recognizing that although family members "are derivative beneficiaries of [a petitioner's] application for asylum . . . [t]hey did not file separate applications for relief from removal and do not have derivative claims for withholding of removal or CAT protection" (citation omitted)); *see also Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

presented, De La Cruz had not established the requisite nexus between the past harm he experienced or feared future harm and a protected ground.

In their petition for review, Petitioners argue that the agency erred in denying De La Cruz's claims for asylum and withholding of removal for two reasons: (1) the IJ failed to provide De La Cruz with notice of the need for specific corroborating evidence and a meaningful opportunity to obtain and present it, and (2) the IJ's nexus determination rested on an improper inference that ethnic slurs were not used in the incidents of past harm apart from the one instance recorded in the second police report. Neither issue was raised in Petitioners' appeal to the BIA. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (explaining that exhaustion requires claims "to have first been raised in the administrative proceedings below and to have been sufficient to put the BIA on notice of what was being challenged" (citation omitted)). Nor have Petitioners established an applicable exception to the exhaustion requirement. *Cf. Iraheta-Martinez v. Garland*, 12 F.4th 942, 948–49 (9th Cir. 2021). Accordingly, we may not now address these unexhausted issues. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that the administrative exhaustion requirement is mandatory when the government has properly raised it).

2. Petitioners waived any challenge to the agency's denial of De La Cruz's CAT claim by failing to raise it in their opening brief. *See Singh v. Ashcroft*, 361

F.3d 1152, 1157 n.3 (9th Cir. 2004) ("Issues not raised in an appellant's opening brief are typically deemed waived.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. Nos. 5, 9) is otherwise denied.