**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAR 12 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURJEET SINGH, et al., | No. 24-5587 |
| Petitioners, | Agency Nos. A220-285-370 A220-285-369 A220-285-372 A220-285-371 |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026**
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and LEFKOW, District Judge.***

Petitioners Gurjeet Singh, Gagandeep Kaur, and their minor children, natives

and citizens of India, seek review of the Board of Immigration Appeals' (BIA)

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

decision affirming an Immigration Judge's (IJ) denial of Singh's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the factual findings of the BIA (and the IJ to the extent the BIA relied on the IJ's conclusions) for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A factual finding "is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Id.* (cleaned up). "We also review adverse credibility determinations for substantial evidence." *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025).

Before the BIA, Singh failed to challenge the IJ's denials of his application for withholding of removal or his request for CAT protection. The BIA "therefore deem[ed] these issues waived." And, by failing to afford the BIA "an opportunity to pass on the issue," Singh failed to exhaust any challenge to these findings before our court. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

Assuming without deciding that Singh exhausted his challenge to the BIA's denial of his application for asylum, substantial evidence supports the IJ's finding that Singh was not credible. "Inconsistencies in an applicant's testimony may

---

[1] Singh's wife and children are derivative applicants to his application and do not seek relief separate from that application.

support an adverse credibility determination. So too may an applicant's omission of information from a written application or interview that is later revealed through testimony." *Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022) (internal citation omitted). On Singh's asylum application, he was asked whether he had "ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?" Although he technically marked "Yes," he then only discussed one incident from India where he was assaulted by police officers. But at his immigration hearing, the Government asked Singh about two charges he had faced in Italy: one for assault causing bodily injury, and one for "favoration of illegal entry, also known as human smuggling," Singh argued that he was not charged for the assault, but admitted that he was charged for the "human incident." Singh likewise demonstrated to the IJ that he understood the question on the application but didn't include the Italy charges because "at that time, it didn't enter [his] mind."

The IJ found that Singh's "misrepresentation of his criminal history, [his] non-responsive testimony regarding it, and [his] lack of reasonable, timely explanations for it [led] the Court to question his veracity." Similarly, it found that he was evasive in response to questions about his legal status while in Italy, and listed examples. These were the required "specific and cogent reasons in support of an adverse credibility determination." *Dong*, 50 F.4th at 1297 (quotations omitted).

Significant discrepancies between a petitioner's asylum application and their later testimony support an adverse credibility finding, especially when the Petitioner fails to explain the discrepancy. *Li v. Garland*, 13 F.4th 954, 960-61 (9th Cir. 2021). Likewise, evasiveness and unresponsiveness, demonstrated by specific examples, also support an adverse credibility finding. *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021). There is nothing in the record to compel a contrary conclusion to the agency's findings here. Singh's brief fails to show evidence which would compel such a conclusion. It mainly argues that the Government's line of questioning was "fundamentally unfair" and thus a violation of his due process rights, because the Government did not show Petitioner or the IJ documents outlining its "claims" of crimes in Italy. But as the Board rightly noted when this argument was made below, "the evidence in question is not 'claims' by DHS. Rather, it is the respondent's own testimony. . . . The Immigration Judge did not rely on any documents or information beyond [Singh]'s own testimony and asylum application in finding that he was not credible."

Because substantial evidence supports the conclusion that Singh made critical misrepresentations in his application and testified in an evasive and nonresponsive manner, we do not disturb the IJ's finding (affirmed by the BIA) that Singh was not credible. And because Singh also failed to exhaust any claim that the IJ erroneously determined that Singh failed to meet his burden of proof with independent

4

corroborating evidence, we deny the petition for review.

**PETITION DENIED.**