NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| AGUSTINA RAMIREZ-CARRILLO; ISRAEL GREGORIO-GARCIA; M. N. G.-R.; D. I. G.-R., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-849 <br><br> Agency Nos. <br> A201-751-729 <br> A201-751-730 <br> A201-751-731 <br> A201-751-732 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 30, 2026**

Before: BENNETT, BADE, and SUNG, Circuit Judges.

Petitioners Israel Gregorio-Garcia, his wife, and their two minor children—

all natives and citizens of Guatemala—seek review of a decision from the Board of

Immigration Appeals (BIA) dismissing the appeal from an immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(IJ) denial of applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "the BIA expressed agreement with the reasoning of the IJ, [we review] both the IJ and the BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Under the substantial evidence standard, we will reverse the agency "only on a finding that the evidence not only supports a contrary conclusion, but compels it." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1137 (9th Cir. 2016)).

1.     We review for substantial evidence the agency's determination that Gregorio-Garcia did not suffer past persecution. *Urias-Orellana v. Bondi*, 607 U.S. __, 2026 WL 598435, at *5–6 (Mar. 4, 2026). Substantial evidence supports the agency's determination that Gregorio-Garcia's two incidents of past harm in Guatemala—an attempted kidnapping when he was ten years old and a 2015 robbery when he was an adult—did not rise to the level of past persecution.

---

[1] Gregorio-Garcia's spouse, Agustina Ramirez-Carrillo, and their two children, are derivative beneficiaries of his application. They did not file separate applications for withholding of removal or CAT protection.

Gregorio-Garcia testified that he sustained minor injuries from the attempted kidnapping and the injury he sustained to his head during the 2015 robbery did not cause bleeding or require medical treatment beyond antibiotics. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (explaining that a lack of significant physical violence or serious injuries requiring medical treatment weighs against past persecution). Gregorio-Garcia also does not challenge the agency's finding that "these were isolated incidents" of mistreatment, separated by approximately fifteen years. In sum, the record does not compel the conclusion that these two incidents cumulatively amount to past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (concluding that there was no past persecution when the petitioner was beaten by youths in 1985 and 1990 when he was in his teens and later threatened by a mob in 1998).

2. The BIA determined that Gregorio-Garcia's counseled brief did not meaningfully challenge the IJ's findings that he did not establish a well-founded fear of future persecution for his asylum and withholding of removal claims and that he was not eligible for CAT relief, and thus deemed the issues waived. Gregorio-Garcia does not challenge those determinations by the BIA. Accordingly, as Respondent correctly argues, Gregorio-Garcia's arguments concerning the IJ's findings on these points are not exhausted and we do not consider them. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024)

(holding that although the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim-processing rule that a court must enforce if a party raises the issue).

**PETITION DENIED**.[2]

---

[2] The motion to accept the late filing, Dkt. 22, is denied as moot because the opening brief has been filed. The temporary stay of removal is lifted and the motion for a stay of removal, Dkt. 2, is denied.