**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I.V.Z.,

              Petitioner,

  v.

PAMELA BONDI, Attorney General,

              Respondent.

No. 21-70088

Agency No. A206-447-909

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2026[**]

Before: GOULD, BENNETT, and BADE, Circuit Judges.

     I.V.Z., a native and citizen of Mexico, petitions for review of an order of the

Board of Immigration Appeals (BIA) dismissing the appeal of an immigration

judge's (IJ) decision denying his applications for asylum, withholding of removal,

and relief under the Convention Against Torture (CAT). When, as is the case here,

the BIA affirms the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

872, 874 (B.I.A. 1994), and "does not express any disagreement with the IJ's reasoning or conclusions, we revisit both decisions and treat the IJ's reasons as those of the BIA." *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011). We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      I.V.Z. forfeited review of the agency's determinations that he failed to establish the required nexus for the harm he fears and failed to establish that the Mexican government would be unable or unwilling to protect him. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments not "specifically and distinctly" addressed in the opening brief are forfeited (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))); *see also Alcaraz v. I.N.S.*, 384 F.3d 1150, 1161 (9th Cir. 2004) ("We 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))). The agency's unchallenged nexus and government protection determinations are dispositive of I.V.Z.'s claims for asylum and withholding of removal. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (stating that an applicant for asylum and withholding of removal must demonstrate "'a risk of persecution on account of his

membership in the specified particular social group' . . . often referred to as the 'nexus' requirement" (citation omitted)); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1064–65 (9th Cir. 2003) ("Eligibility for asylum based on a well-founded fear of future persecution requires an applicant" to demonstrate that he "genuinely fear[s] persecution by the[] government, or forces the[] government is unable or unwilling to control, on account of a statutorily-protected ground."). Accordingly, we deny the petition for review as to these claims.

2.      The BIA determined that I.V.Z. did not challenge the IJ's denial of his application for CAT protection and therefore deemed the issue waived. Accordingly, as the government correctly argues, I.V.Z.'s arguments concerning the agency's findings on these points are not exhausted and we do not consider them. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that although the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim-processing rule that a court must enforce if a party raises the issue).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal is lifted, and the motion for a stay of removal, Dkt. 1, is denied.

21-70088