NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARITZA ISABEL LOPEZ ESCOBAR, | No. 23-2109 |
| Petitioner, | Agency No. A213-121-489 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026**
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Petitioner Maritza Isabel Lopez Escobar is a native and citizen of El

Salvador. Petitioner seeks review of a decision by the Board of Immigration

Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). We review legal questions de novo and factual findings for substantial evidence. *Gonzalez-Rivera v. I.N.S.*, 22 F.3d 1441, 1444 (9th Cir. 1994).

1. Substantial evidence supports the agency's determination that Lopez Escobar did not establish that, had she reported her abuse to the police, the police would have failed to act. *See Velasquez-Gaspar v. Barr,* 976 F.3d 1062, 1065 (9th Cir. 2020) (denying a petition for asylum and withholding of removal because the petitioner failed to establish that authorities would have been unwilling or unable to help her). Lopez Escobar did not report the abuse to the police, and the country conditions evidence indicates that El Salvador prohibits domestic violence, permits restraining orders against offenders, and criminalizes rape.[1] Lopez Escobar therefore failed to show past persecution.

---

[1] Lopez Escobar also argues that her asserted particular social group—single Salvadoran mothers—is cognizable. However, because substantial evidence supports the agency's determination that Lopez Escobar failed to show that the

2. Lopez Escobar did not raise either her challenge to the IJ's determination that she did not establish an objectively reasonable fear of future harm or her request for CAT relief in her brief before the BIA. Therefore, she failed to exhaust these claims, so we do not consider them. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2023) (holding that the exhaustion requirement of section 1252(d)(1) is "mandatory" if a party "'properly raise[s]' it" (alteration in original)).

**PETITION DENIED.**[2]

---

Salvadoran government was or would be unable to control her abuser, we need not reach this issue.

[2] Lopez Escobar's Motion to Stay Removal, Dkt. No. 2, is denied.