NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY DENILSON DURAN,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-2086<br><br>Agency No.<br>A218-147-608<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2026[**]
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District Judge.[***]

Anthony Denilson Duran, a native and citizen of Guatemala, petitions for

review of a decision of the Board of Immigration Appeals dismissing his appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

from an immigration judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"Where, as here, the [Board] agrees with the IJ decision and also adds its own reasoning, we review the decision of the [Board] and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review for abuse of discretion the Board's determination that a crime is "particularly serious" under 8 U.S.C. § 1231(b)(3)(B)(ii). *Edgar G.C. v. Bondi*, 136 F.4th 832, 841–42 (9th Cir. 2025), *as amended*. We review for substantial evidence the factual findings underlying the Board's determination that an applicant has failed to establish eligibility for CAT relief. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Under that standard, the agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. The Board neither applied the wrong legal standard nor abused its discretion in determining that Duran was convicted of a particularly serious crime and was therefore ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B). To determine whether a crime is particularly serious, the agency must consider "the nature of the conviction, the circumstances and underlying facts of the conviction," and "the type of sentence imposed." *Konou v. Holder*, 750 F.3d 1120,

1127 (9th Cir. 2014) (quoting *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982)).

The Board reasonably concluded that Duran's conviction for shooting at an occupied vehicle in violation of California Penal Code § 246, for which he was sentenced to three years in prison, was a particularly serious crime. The Board appropriately determined that Duran's criminal conduct "presented a significant danger of causing a serious injury or death" because Duran, while under the influence of controlled substances, discharged an illegally purchased firearm at an occupied vehicle on a freeway during a road-rage incident. Duran argues that he expressed remorse and has been rehabilitated. Those arguments are unexhausted because Duran did not raise them before the agency.

Because we affirm the agency's finding that Duran is ineligible for withholding of removal, we need not address the agency's alternative holdings relating to withholding of removal.

2. In his brief before the Board, Duran did not challenge the IJ's determination that he was ineligible for asylum because his application was untimely, nor did he present the particular social groups he now advances on appeal. Therefore, he failed to exhaust these claims, and we do not consider them. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir.

2024) (exhaustion requirement of section 1252(d)(1) is mandatory if a party properly raises it).

3. To establish eligibility for CAT protection, Duran must demonstrate "(1) that he would 'more likely than not' be tortured if removed to [Guatemala], and (2) that the torture would be inflicted with government acquiescence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting 8 C.F.R. § 208.16(c)(2) and citing *id.* § 208.18(a)(1)). Substantial evidence supports the Board's determination that Duran did not establish that he is eligible for CAT protection.

"Evidence of past torture is relevant . . . in assessing a particular petitioner's likelihood of future torture." *Ruiz-Colmenares*, 25 F.4th at 751. Substantial evidence supports the agency's finding that Duran was never harmed or threatened while living in Guatemala before he was brought to the United States as a young child. Duran testified that he fears that he will be targeted and tortured by individuals who believe he is a gang member because of his tattoos or perceive him as American. But the Board correctly determined that Duran's generalized country conditions evidence does not show that he faces a particularized risk of future torture. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). And Duran's "speculative fear of torture" is insufficient to satisfy the "more likely than not" standard. *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

**PETITION DENIED.**