**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JAVIER SANTOYO SORIANO; GLADYS NAVARRO ROJAS; ERISBET GUADALUPE SANTOYO NAVARRO; MATILDE DIOCELIN SANTOYO NAVARRO; DIOSMILDA ENEREYDA SANTOYO NAVARRO; RAMIRO SANTOYO NAVARRO; GABRIEL SANTOYO NAVARRO, <br><br> Petitioners, <br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-5648 <br><br> Agency Nos. <br> A244-012-839 <br> A244-012-840 <br> A244-012-841 <br> A244-012-842 <br> A244-012-843 <br> A244-012-844 <br> A244-012-845 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026[**]
Seattle, Washington

Before: W. FLETCHER, KOH, Circuit Judges, and RAYES, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Javier Santoyo Soriano, Gladys Navarro Rojas, and their five minor children petition for review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal from the Immigration Judge's denial of their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review the BIA's factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under that standard, the BIA's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the BIA's conclusion that Petitioners did not establish a nexus between their alleged harm and their family membership. "A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). The record supports the BIA's finding that Los Viagras extorted Petitioners solely for pecuniary gain. Los Viagras extorted Santoyo Soriano only after learning that he received monthly subsidies from the Mexican government. The group targeted Santoyo Soriano's cousin for the same reason. Although Santoyo Soriano has several family members remaining in Mexico, only his father

2

and sister have been targeted, and both either owned livestock or received government subsidies. Indeed, Santoyo Soriano testified that Los Viagras's motivation "was money and they wanted to keep everything that you had, if you had cows . . . . They wanted to take it away." A "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Petitioners failed to exhaust their asylum and withholding of removal claims based on their minor child's infantile cerebral palsy. "The exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule," which "a court must enforce . . . if a party properly raise[s] it." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (alteration in original) (internal quotation marks and citations omitted). Where a petitioner files a brief before the BIA, he will be "deemed to have exhausted only those issues he raised and argued in his brief." *Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (quoting *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc)). To exhaust a claim, a petitioner must "put the BIA on notice of the challenge," such that the BIA had "an opportunity to pass on the issue." *Suate-Orellana*, 101 F.4th at 629 (citation omitted).

Petitioners' counseled brief before the BIA nowhere argued that Petitioners had established past persecution or a well-founded fear of future persecution on account of the child's disability. Petitioners' failure to exhaust these issues disposes of their asylum and withholding of removal claims based on the child's disability. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) ("Absent evidence of past persecution, [an asylum applicant] must establish a well-founded fear of future persecution . . . ."); *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal . . . ."). Moreover, Petitioners waived any challenge to the BIA's dismissal of these claims by not raising the issue in their opening brief in this Court. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (holding that an applicant waives an issue by failing to "specifically and distinctly" raise the issue in the opening brief).

Substantial evidence supports the BIA's denial of CAT protection. To be eligible for CAT protection, an applicant must show that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The BIA denied CAT protection after finding that Petitioners had not

established that a public official would consent or acquiesce in any future torture. Petitioners' opening brief does not address the BIA's no-acquiescence finding. Petitioners have therefore waived any argument on government acquiescence, a necessary element of their CAT claim. *See Velasquez-Gaspar*, 976 F.3d at 1065; *Xochihua-Jaimes*, 962 F.3d at 1183. "Such an argument would have failed in any event, as [Petitioners] ha[ve] not shown a likelihood of torture by or with the acquiescence of public officials." *Velasquez-Gaspar*, 976 F.3d at 1065.

**PETITION DENIED.**