**NOT FOR PUBLICATION**

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMASA LOBOS-LOBOS; C.T.-L., | No. 25-2190 |
| Petitioners, | Agency Nos.<br>A215-541-954<br>A215-541-955 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Tomasa Lobos-Lobos and her minor child (collectively, "Lobos-Lobos"),

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") denial of their motion to remand and dismissal of their appeal of

an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture relief.  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We dismiss the petition for review.

In order to challenge the agency's order of removal, a petitioner must file a petition for review with this court "not later than 30 days after the date of the final order of removal."  *See* 8 U.S.C. § 1252(b)(1).  Though this deadline is a claim-processing rule rather than a jurisdictional rule, *see Riley v. Bondi*, 606 U.S. 259, 273–74 (2025), it is nonetheless "mandatory in the sense that a court must enforce the rule if a party properly raises it," *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (citation modified).

Here, the BIA's final decision affirming the IJ's order of removal was filed on March 4, 2025.  Lobos-Lobos did not file their petition for review with this court until thirty-one days later on April 4, 2025.  Because the government raises this claim-processing rule, and because Lobos-Lobos makes no argument that the deadline could or should be equitably tolled here, we enforce the deadline and dismiss Lobos-Lobos's petition.

**PETITION DISMISSED.**[1]

---

[1] The stay of removal, *see* Dkt. No. 11, remains in place until the mandate issues.

2